(October 4, 1985)

■ In the Matter of THOMAS W. WADE, as Commissioner of the Rensselaer County Board of Elections, Appellant, v HENRY G. TUTUNJIAN, as Commissioner of the Rensselaer County Board of Elections, et al., Respondents.—Motion by appellant for order enjoining respondent Tutunjian from conducting an investigation of certain alleged deficiencies in absentee ballot applications for the primary election held September 10, 1985 pending determination of the appeal granted, without costs. Mahoney, P. J., Kane, Weiss and Levine, JJ., concur; Casey, J., dissents and votes to deny the motion in the following memorandum:

Casey, J. (dissenting). There is no basis in the record for continuing the restraint of a duly authorized election commissioner from the performance of a duty imposed upon him by law. The provisions of Election Law § 3-218 (1) clearly authorize the respondent commissioner to issue subpoenas requiring the appearance of any person before him for examination in connection with any election matter or violation of the elective franchise. There has been no showing here that such power has been abused. In fact, falsity, fraud and forgery in connection with absentee ballots have been been demonstrated sufficiently to warrant the continuance of the investigation by the respondent commissioner. These serious irregularities do not cease because the primary election is now over. Significantly, no person who has been subpoenaed or questioned has complained. Rather, it is respondent's counterpart who seeks an injunction and I fail to see why he has any standing or authority to do so.

For these reasons, the injunctive relief sought by appellant should be denied in all respects.

(October 8, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT